IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01-321-KI |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VAN A. BRINK (ZIEGLER), et al., | ) | |
| | ) | |
| Defendants. | ) | |

KING, Judge:

The following are the court's rulings on the Defendants' Joint Motion to Compel Production of Discovery and Defendants' Joint Supplemental Motion to Compel Production of Discovery that were argued October 31, 2005.

1) <u>EXPERT WITNESS MATERIALS RELATING TO LIQUIDATOR REPORTS</u>

Defendants' seek documents used or prepared by the liquidator Marcus Wide, and

his subordinates, used in preparation of the liquidator's reports and communications relating to the liquidator's work in connection with the liquidation of First International Bank of Grenada (FIBG), arguing that it is discoverable as the "bases and reasons for [expert's] opinions" under FRCP 16 (a)(1)(G), and that it is also "Brady" material. The court finds that the liquidator is a resident of Canada, is not subject to order of the court or a subpoena under Rule 17, and that none of the documents in question are in possession, custody, or control of any federal agency participating in the investigation. Mr. Wide may well be a prosecution witness, and may testify as an expert witness. The documents requested by defendants' are not within the custody or control of the government and are not literally within the summary required by FRCP 16 (a)(1)(G). However, if Mr. Wide testifies, either as a fact or expert witness, the documentation requested, or some of it, may be relevant to test the witness's statements and opinions. The court requests that the parties confer to identify issues raised by Mr. Wide's report, and documents that are relevant to the opinions and statements contained in that report. The parties are directed to approach Mr. Wide to see if he will agree to voluntarily appear for an interview which would be non-testimonial and would not be used as testimony in the trial of this case. The court suggests a procedure whereby the defendants' would identify areas of inquiry to be submitted to Mr. Wide prior to the conference. The court defers further ruling on this request. If the parties are unable to arrive at an agreement within 15 days, they should advise the Court, who will assign Magistrate Judge John Jelderks to act as a Discovery Master in this case, to meet with the parties as necessary, and if resolutions are not reached, to make recommendations to the court regarding the discovery issues.

2) REQUEST FOR MATERIALS RELATING TO OTHER EXPERTS

The government shall furnish to defendant a written summary of any testimony that the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during his case in chief at trial, at least six (6) months prior to trial. Any dispute regarding the nature and extent of the summary provided and documentation regarding same, will be submitted to the court by motion after the parties have conferred on that issue.

3) PRODUCTION OF DEFENDANTS' STATEMENTS

The government has stated that it has turned over all statements of defendants, including e-mails, of which they are aware and will turn over in the future any statements of which they become aware.

4) PRODUCTION OF ANY EVIDENCE OF ANY SURREPTITIOUS WIRETAPPING OR OTHER INTERCEPTED COMMUNICATIONS

The government has agreed to produce the one recording of which it has knowledge and to make inquiries of the IRS, FBI and the State Department, regarding any other recording.

5) PRODUCTION OF EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS

A date will be scheduled for Rule 404(b) disclosures and disputes regarding same will be resolved by Motion in Limine in advance of trial.

6) PRODUCTION OF FEDERAL BUREAU OF INVESTIGATION EVIDENCE

The government asserts that it has produced all "Brady" material of which it has knowledge. The government has stated that it recognizes that defendants are raising the argument that the government investigation contributed to the demise of FIBG. The government

acknowledges that it must inspect for "Brady" material in both the Portland office and any FBI office that assisted or did work for the benefit of the Portland office relating to the charges in this matter. The government will take steps to obtain every document that has this District's case number on it and review same for "Brady" material, which when identified by the government as "Brady" material will be turned over to defendants.

7) PRODUCTION OF "OTHER BRADY EVIDENCE"

The government states that it does not have any material responsive to this request beyond what has previously been produced. The government shall take the action described in the discussion of Request For Production #6 above. The government is directed to furnish all communication with David Marchant relating to FIBG.

8) REQUEST FOR GOVERNMENT AGENCY MATERIAL

    8(a)    The government has stated it has no materials responsive to this request beyond what was previously been produced and that it has not communicated with the Department of Homeland Security regarding Ritta Brink. The defendants stated they accepted the government's response.

    8(b) and (c)    The government responds that it has provided all communications between the U. S. Marshal's Service and the prosecution regarding assessments of dangerousness. The government states there are no communications between the FBI and other members of the prosecution team regarding defendant Ziegler's dangerousness. There is a question of relevance of the alleged dangerousness of defendants Brink and Ferguson as to any pending issue. The court will not require that the government inquire of any federal agencies that are not involved in this

investigation or the government of Grenada, but the government shall provide any documents relating to this subject of which it is aware.

8 (d) and (e)   The government has agreed to include materials of this nature in its search of this District's FBI file and will make inquiry of the State Department, the FBI and the IRS.

8 (f)   The government states that it has conceded suppression of the Ugandan materials so that the issue is moot.  In its search for information from the entities listed in Request for Production 6 and 7, the government will include an inquiry regarding any communications between members of the Uganda government and the United States State Department, the FBI and the IRS concerning any of the charges contained in the indictment herein.

9)   <u>PRODUCTION OF NOTES OF ALL INTERVIEWS</u>

The government shall preserve interview notes of all witness.

10)   <u>DEFENDANTS' SUPPLEMENTAL MOTION TO COMPEL DISCLOSURE OF AGREEMENTS WITH COOPERATING WITNESSES AND REPORTS OF INTERVIEWS AND STATEMENTS OF COOPERATING WITNESSES, SPECIFICALLY EVE MC LELLAN AND JONATHAN KREMNER AND ANY OTHER SIMILARLY SITUATED COOPERATING WITNESSES</u>

The government states that it will disclose all agreements with cooperating witnesses and that it is in the process of completing memos regarding statements and interviews of cooperating witnesses which will be furnished to defendants'.

///


///

If the court has misstated any agreement of the government regarding the production of discovery or misstated any position or acknowledgment of the defendants, the parties should advise the court within five days from the date of this order. Defendants' joint motions are allowed in part, denied in part and deferred in part as stated above.

IT IS SO ORDERED.

Dated this ___3rd___ day of November, 2005.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge